UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GS HOLISTIC LLC,

      Plaintiff,

v.

MELLOW TOBACCO & VAPE, LLC
d/b/a MELLOW SMOKE, and
BASMAN HAKEEM,

      Defendants.

Case No. 24-12074
Honorable Laurie J. Michelson

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [11]

GS Holistic, LLC, sells Stündenglass glass infusers—smoking devices "recognized nationally and internationally" for their "high quality," "unsurpassed innovation," and "painstaking attention to detail." (ECF No. 1, PageID.3.) GS says it has "spent substantial time, money, and effort in developing consumer recognition and awareness of the Stündenglass brand"—and in "protecting these Trademarks." (*Id.* at PageID.5–6.) But despite GS' best efforts, the market is "saturated with counterfeit Stündenglass products—just like those Basman Hakeem, through his store Mellow Smoke, is offering for sale." (*Id.* at PageID.8.) According to GS, Mellow Smoke and storeowner Hakeem sell "low grade," "inferior" glass infusers that bear the Stündenglass trademarks. (*Id.* at PageID.7.) Specifically, says GS, in February of 2023, its investigator went to Mellow Smoke and saw two such counterfeit infusers on sale. (*Id.* at PageID.10.) The investigator purchased one of them for $318 and later

inspected and photographed the product, which contained three counterfeit Stündenglass marks. (*Id.*; *see* ECF No. 1-2.) A year and a half later, on August 8, 2024, GS sued Mellow Smoke and storeowner Hakeem for trademark counterfeiting and infringement and false designation of origin in violation of the Lanham Act. (*Id.* at PageID.15–18 (citing 15 U.S.C. §§ 1114, 1125(a)).) When Defendants failed to appear, plead, or otherwise defend against this action, a clerk's entry of default was entered against them in January 2025. (ECF Nos. 9, 10.)

GS moved for default judgments against Defendants under Federal Rule of Civil Procedure 55(b). (ECF No. 11.) Defendants again failed to respond or otherwise appear or attempt to set aside the defaults entered against them. On July 22, 2025, the Court held a hearing on the motion, at which Defendants did not appear. GS' motion remains unopposed. After oral argument by GS, the Court issued an oral ruling to the following effect, granting in part and denying in part GS' motion for default judgment.

# I.

For starters, GS has carried its burden as to liability—that is, it has shown it is entitled to default judgments against Defendants for trademark infringement and counterfeiting under 15 U.S.C. § 1114 and false designation of origin under § 1125(a).

The Court first finds that Defendants were properly served under Federal Rule of Civil Procedure 4. Per the certificate of service docketed on January 15, 2025 (ECF No. 7), defendant Hakeem was personally served with a summons and copy of the complaint. That constitutes proper service not only on Hakeem, an individual, under

Michigan Court Rule 2.105(A) but also on Mellow Smoke, an LLC, under Michigan Court Rule 2.105(H)(1), because Hakeem is Mellow Smoke's registered agent according to the Michigan Licensing and Regulatory Affairs database, *see Business Entity Results for Mellow Smoke*, Mich. Licensing & Regul. Affs., https://perma.cc/XD4M-B9NK. Next, GS brings two Lanham Act claims, so the Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). (ECF No. 1, PageID.1–2, 16–18.) The Court also has personal jurisdiction over the defendants under Michigan's long-arm statute and the Due Process Clause. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Indeed, Hakeem was present and domiciled in Michigan at the time process was served, *see* Mich. Comp. Laws § 600.701, and the Court is satisfied that Mellow Smoke was formed under Michigan laws and "carr[ies] on a continuous and systematic part of its general business within the state," *id*. § 600.731; (*see* ECF No. 1, PageID.1–3.)

Finally, the well-pled allegations in GS' complaint, taken as true in light of Defendants' default, *see Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007), are sufficient to state claims of trademark infringement and counterfeiting under 15 U.S.C. § 1114 and false designation of origin under § 1125(a). In its complaint and unopposed motion, GS has shown that it owns the three trademarks at issue. (*See* ECF No. 1, PageID.4; ECF No. 1-1.) By defaulting, Defendants admit both that their use of GS' trademarks has caused and will cause confusion among consumers regarding the origin or quality of the goods offered by Defendants and that they

intentionally used the mark knowing it was a counterfeit. (*See* ECF No. 1, PageID.11–15; ECF No. 11, PageID.71–75); *see also Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006) (explaining that trademark infringement and false designation of origin claims are both analyzed under the same likelihood of confusion test); *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672–74 (N.D. Ohio 2016) (reasoning similarly and granting default judgments for trademark infringement and counterfeiting); *Sream, Inc. v. Kanku Express*, Nos. 20-00209, 20-00210, 20-00211, 2022 U.S. Dist. LEXIS 60621, at *14–15 (E.D. Tenn. Mar. 16, 2022) (reasoning similarly and granting default judgments for false designation of origin).

For many of the same reasons, GS has shown it is entitled to a permanent injunction.

"A plaintiff seeking a permanent injunction must demonstrate that it has suffered irreparable injury, that there is no adequate remedy at law, that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted, and that it is in the public's interest to issue the injunction." *Audi AG*, 469 F.3d at 550. First, irreparable injury. "The law of [the Sixth] Circuit holds that no particular finding of likelihood of irreparable harm is necessary for injunctive relief in trademark infringement . . . cases. The Sixth Circuit [has] explained that irreparable injury ordinarily follows when a likelihood of confusion or possible risk to reputation appears from infringement. . . ." *Am. Auto. Ass'n v. Dickerson*, 995 F. Supp. 2d 753, 757–58 (E.D. Mich. 2014). Because, as already explained, GS' allegations establish likelihood of confusion, they necessarily show irreparable injury.

Second, no adequate remedy at law. "[W]here there is a potential for future harm from continuing infringement, there is no adequate remedy at law." *Id.* Here, GS alleges its investigator saw at least one other infringing product for sale at Mellow Smoke, and a picture of the same is attached to GS' complaint and motion. The Court thus concludes there is potential that Defendants may continue their infringing activities without an injunction, such that there is no adequate remedy at law. As to the balance of hardships, Defendants face no hardship in complying with the law— that is, in refraining from willful trademark infringement and false designation of origin. In contrast, GS faces loss of sales and reputational harm if Defendants' infringing activities continue. Finally, a permanent injunction is in the public interest. An injunction would advance two fundamental purposes of trademark law: preventing deception and consumer confusion in the marketplace and protecting the trademark holder's property interest in the mark. *See Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 383 (6th Cir. 2006).

In sum, GS is entitled to default judgments against Defendants on its claims of trademark infringement and counterfeiting and false designation of origin and is entitled to a permanent injunction against Defendants.

## II.

Where, as here, the damages sought on a motion for default judgment are not for a sum certain, the Court must determine the damages. *See* Fed. R. Civ. P. 55(b). Entry of a default does not itself establish damages. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) ("Where damages are unliquidated a default admits

5

only defendant's liability and the amount of damages must be proved."); *Ford Motor Co.*, 441 F. Supp. 2d at 848 ("When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true."). A successful plaintiff under the Lanham Act "shall be entitled, . . . subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). Section 1117(c) of the Lanham Act provides trademark damages between $1,000 and $200,000 per counterfeit mark "as the court considers just" or up to $2 million per mark "if the court finds that the use of the counterfeit mark was willful." GS contends that Defendants' trademark infringement was willful and seeks $150,000 in statutory damages—$50,000 for each of the three trademarks infringed upon.

The Court held oral argument because it was not convinced, based on GS' motion for default judgment, that $150,000 in statutory damages was "just" as is required under § 1117(c) of the Lanham Act.

As a starting point, the Court notes that this case is one of thirty-one materially identical cases brought in this District by GS Holistic, and one of five in which default judgments have been granted in GS Holistic's favor following motion hearings. In four of those five cases, Chief Judge Sean F. Cox and Judges Shalina D. Kumar and F. Kay Behm have awarded GS its requested statutory damages amount of $50,000 per infringing mark, for a total of $150,000 in statutory damages. *GS Holistic, LLC v. Hookah Tower 1 LLC*, No. 23-11918 (E.D. Mich. Aug. 2, 2024) (Cox, C.J.), ECF Nos. 26, 27; *GS Holistic, LLC v. Big Ape Smokerz, LLC*, No. 23-11907,

2024 U.S. Dist. LEXIS 154754, at *16 (E.D. Mich. Aug. 28, 2024) (Behm, J.); *GS Holistic, LLC v. Air Smoke, LLC*, No. 23-11893 (E.D. Mich. Nov. 22, 2024) (Kumar, J.), ECF Nos. 18, 19; *GS Holistic, LLC v. Smokerz Town, LLC*, No. 24-12155, 2025 U.S. Dist. LEXIS 102176, at *16 (E.D. Mich. May 29, 2025) (Behm, J.). Judge Behm concluded in the two cases before her that GS' statutory damages request for $150,000 was "reasonable and appropriate" "[b]ased on the court's discretion, the range for statutory damages in the Lanham Act, and the willfulness of the Defaulted Defendants as evidenced by their failure to defend this lawsuit." *Big Ape Smokerz, LLC*, 2024 U.S. Dist. LEXIS 154754, at *12; *Smokerz Town, LLC*, 2025 U.S. Dist. LEXIS 102176, at *12. She noted, and this Court agrees, that the defendants' default prevented GS from engaging in meaningful discovery to ascertain its actual damages amount; that a court "may infer that a defendant's infringement is willful from the defendant's failure to defend"; and that statutory damages serve not only to compensate the harm caused by the defendant but to deter "wrongful conduct by the defendant and others." *Big Ape Smokerz, LLC*, 2024 U.S. Dist. LEXIS 154754, at *12; *Smokerz Town, LLC*, 2025 U.S. Dist. LEXIS 102176, at *12.

Likewise, in the Western District of Michigan, Judge Robert J. Jonker recently granted GS $50,000 per mark, totaling $200,000 in statutory damages for the four marks infringed upon there. *GS Holistic, LLC v. Froggy's Depot, LLC*, No. 25-203 (W.D. Mich. June 30, 2025), ECF Nos. 15, 16.

But that approach has not been universal. In granting default judgment in GS' favor, Judge Terrence G. Berg of this District, and other courts in this Circuit, have

reduced GS' statutory damages award and declined to award the requested $50,000 per mark.

In *In & Out 423 Inc.*, the first case in this District to reach the final judgment stage, Judge Berg departed from the requested $150,000 statutory damages amount, instead awarding $5,000 per mark for a total of $15,000. *See GS Holistic, LLC v. In & Out 423 Inc.*, No. 23-11910, 2024 U.S. Dist. LEXIS 117878, at *11–12 (E.D. Mich. May 23, 2024); *see In & Out 423 Inc.*, No. 23-11910, ECF No. 22, PageID.106 (GS noting that at that time "none of its cases in this District have yet received a final judgment of any kind" such that the final judgment in Judge Berg's case would be "the first of its kind with regard to [GS Holistic] in the Eastern District of Michigan"). In at least two cases in the Western District of Michigan, Chief Judge Hala Y. Jarbou found GS' requested statutory damages of $150,000 "excessive" and reduced the amount awarded to GS on default judgment. *GS Holistic, LLC v. 616 W. LLC*, No. 23-1261, 2024 U.S. Dist. LEXIS 176843, at *5 (W.D. Mich. Sept. 30, 2024); *GS Holistic, LLC v. Googy Baba LLC*, No. 23-1263, 2024 U.S. Dist. LEXIS 176841, at *5 (W.D. Mich. Sept. 30, 2024). And in September and October 2024, the Southern District of Ohio denied without prejudice 20 then-pending motions for default judgment filed by GS, reasoning that although GS had established the defendants' liability, it had not carried its burden of showing that $50,000 per mark was just. *See GS Holistic, LLC v. Mr. Vapor Smoke Shop LLC*, No. 23-00677, 2024 U.S. Dist. LEXIS 140319 (S.D.

Ohio Aug. 7, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS
172366 (S.D. Ohio Sept. 23, 2024).[1]

In *In & Out 423 Inc.*, Judge Berg concluded that while the defendants'
willfulness was adequately alleged by GS and conceded by defendants' default, "there
[was] no evidence that [defendants] were warned about their infringing activity or

---

[1] In the principal case *GS Holistic, LLC v. Mr. Vapor Smoke Shop LLC*, 2024
U.S. Dist. LEXIS 140319, Magistrate Judge Michael R. Merz issued a report and
recommendation concluding that GS had not carried its burden of showing that
$50,000 per mark was just and recommending that GS' motion for default judgment
be denied without prejudice. Judge Walter H. Rice adopted that report and
recommendation not only in that case, *see Mr. Vapor Smoke Shop LLC*, 2024 U.S.
Dist. LEXIS 172366, but also in 19 other "parallel case[s]" in which GS had sought
statutory damages of $50,000 per mark on default judgment, *see GS Holistic, LLC v.
Mr. Phone & Smoke, LLC*, No. 23-671, 2024 U.S. Dist. LEXIS 177316 (S.D. Ohio Sept.
27, 2024); *GS Holistic, LLC v. Grandview Stop LLC*, No. 23-3230, 2024 U.S. Dist.
LEXIS 180245 (S.D. Ohio Oct. 1, 2024); *GS Holistic, LLC v. 2422 N High LLC*, No.
23-3231, 2024 U.S. Dist. LEXIS 180118 (S.D. Ohio Oct. 1, 2024); *GS Holistic, LLC v.
Del. Tobacco & Vape LLC*, No. 23-3571, 2024 U.S. Dist. LEXIS 180200 (S.D. Ohio Oct.
1, 2024); *GS Holistic, LLC v. Nyc Deli Mart LLC*, No. 23-3602, 2024 U.S. Dist. LEXIS
180187 (S.D. Ohio Oct. 1, 2024); *GS Holistic, LLC v. MR Vapor Kemper, LLC*, No. 23-
672, 2024 U.S. Dist. LEXIS 178678 (S.D. Ohio Oct. 1, 2024); *GS Holistic, LLC v. MR
Vapor Hamilton, LLC*, No. 23-673, 2024 U.S. Dist. LEXIS 178677 (S.D. Ohio Oct. 1,
2024); *GS Holistic, LLC v. MR Vapor Mason, LLC*, No. 23-674, 2024 U.S. Dist. LEXIS
178674 (S.D. Ohio Oct. 1, 2024); *GS Holistic, LLC v. MR Puff Kenard LLC*, No. 23-
709, 2024 U.S. Dist. LEXIS 178669 (S.D. Ohio Oct. 1, 2024); *GS Holistic, LLC v. Four
Bros. Retail Inc.*, No. 23-730, 2024 U.S. Dist. LEXIS 178672 (S.D. Ohio Oct. 1, 2024);
*GS Holistic, LLC v. Dayton Tobacco & Vape LLC*, No. 23-291, 2024 U.S. Dist. LEXIS
180730 (S.D. Ohio Oct. 2, 2024); *GS Holistic, LLC v. Soleen Discs. Inc.*, No. 23-297,
2024 U.S. Dist. LEXIS 180986 (S.D. Ohio Oct. 2, 2024); *GS Holistic, LLC v. RMJ
Sales Inc.*, No. 23-302, 2024 U.S. Dist. LEXIS 180722 (S.D. Ohio Oct. 2, 2024); *GS
Holistic, LLC v. Mfa Invs. LLC*, No. 23-323, 2024 U.S. Dist. LEXIS 180748 (S.D. Ohio
Oct. 2, 2024); *GS Holistic, LLC v. DC Wireless*, No. 23-334, 2024 U.S. Dist. LEXIS
180988 (S.D. Ohio Oct. 2, 2024); *GS Holistic, LLC v. Smoke Shop Cigar & Vape Inc.*,
No. 23-3606, 2024 U.S. Dist. LEXIS 180726 (S.D. Ohio Oct. 2, 2024); *GS Holistic, LLC
v. Hari Prabodham LLC*, No. 23-3752, 2024 U.S. Dist. LEXIS 180749 (S.D. Ohio Oct.
2, 2024); *GS Holistic, LLC v. Dublin Smoky Row Inc.*, No. 23-3760, 2024 U.S. Dist.
LEXIS 180732 (S.D. Ohio Oct. 2, 2024); *GS Holistic, LLC v. A One Smoke Shop LLC*,
No. 23-3786, 2024 U.S. Dist. LEXIS 180725 (S.D. Ohio Oct. 2, 2024).

persisted in them after being asked to stop. Nor [was] there a suggestion that they were distributing counterfeit products on a significant scale." *In & Out 423 Inc.*, 2024 U.S. Dist. LEXIS 117878, at *11. He described the defendant store as "a small local store" selling infusers bearing GS' mark for $318 and noted that "GS Holistic concedes that Defendants 'probably have not sold millions of counterfeit products.'" *Id.* So too here. Mellow Smoke appears to be a small local store selling the at-issue products at the same price point of $318. (ECF No. 1, PageID.10; ECF No. 11, PageID.69.) And GS concedes in its motion that "Defendants probably have not sold millions of counterfeit products." (ECF No. 11, PageID.78 ("While the Defendants probably have not sold millions of counterfeit products, it has engaged in the purchase and sale of counterfeits of at least one unit, and likely traded in more.").)

Chief Judge Jarbou of the Western District expressly followed Judge Berg's approach in granting default judgment in GS' favor but reducing GS' statutory damages award. *See 616 W. LLC*, 2024 U.S. Dist. LEXIS 176843, at *5–7 (citing *In & Out 423 Inc.*, 2024 U.S. Dist. LEXIS 117878, at *12); *Googy Baba LLC*, 2024 U.S. Dist. LEXIS 176841, at *5–7 (same). She reasoned in the two cases before her that "Defendants appear to be operating a relatively small local store. There is no evidence that Defendants sold infusers on a significant scale, let alone counterfeit ones. . . . Also, the evidence of Defendants' willfulness is somewhat sparse and speculative. There is no evidence that GS asked Defendants to stop and that they refused." *616 W. LLC*, 2024 U.S. Dist. LEXIS 176843, at *6–7; *Googy Baba LLC*, 2024 U.S. Dist. LEXIS 176841, at *6–7. On those similar facts, Chief Judge Jarbou

awarded $30,000 total statutory damages in one case ($10,000 per counterfeit mark), *see 616 W. LLC*, 2024 U.S. Dist. LEXIS 176843, at *5, and $15,000 (the same amount as awarded by Judge Berg) in the other ($5,000 per counterfeit mark), *see Googy Baba LLC*, 2024 U.S. Dist. LEXIS 176841, at *5.

From what the Court can tell, this case is more like the one in which Chief Judge Jarbou awarded the higher statutory damages amount. One minor difference between the two cases before Chief Judge Jarbou was the number of counterfeit infusers on sale in the defendant stores. In the case with the lower statutory damages amount, GS' photo of the defendant store showed only one counterfeit infuser on the shelf. *Id.* at *7. In the case with the higher statutory damages, the defendant store had two counterfeit infusers on sale. *616 W. LLC*, 2024 U.S. Dist. LEXIS 176843, at *7. The photo in this case shows two counterfeit infusers on sale. (ECF No. 1-2, PageID.31; *see* ECF No. 1, PageID.10.) A more important difference in the cases before Chief Judge Jarbou was the cost at which the defendants were selling the counterfeit infusers. In awarding the higher statutory damages amount of $30,000, Chief Judge Jarbou specifically noted that the counterfeit infuser at issue was being sold for $222.60—whereas the real product retails for $599.96. Chief Judge Jarbou concluded that the low cost of the product being sold by the defendants made it more likely that the defendants knew the product was counterfeit. *616 W. LLC*, 2024 U.S. Dist. LEXIS 176843, at *7. In contrast, in the case in which Chief Judge Jarbou awarded $15,000 in statutory damages, the at-issue infuser was being sold for $589. *Googy Baba LLC*, No. 23-1263, ECF No. 1, PageID.8.

11

Here, as mentioned, the defendants were selling the counterfeit infuser for $318. (ECF No. 1, PageID.10.) And here, as in *616 West LLC*, 2024 U.S. Dist. LEXIS 176843, at *7, GS' owner avers in his declaration that the real product retails at $599.95 and that "[t]he significant difference between the actual sales price of genuine Stündenglass products and the product sold by Defendants, who are in the business of selling these and similar goods, suggests that the Defendants should have known that the product was not genuine" (ECF No. 11-2, PageID.89). At oral argument in this case, GS echoed that sentiment, elaborating that, based on industry experience, the approximately 50% mark-down at which Defendants were selling the counterfeit infusers suggests that Defendants likely bought the infusers not from an individual or corporation with a vendor agreement with GS but from a private seller—and thus that Defendants likely knew the product was not genuine. As noted by Judge Behm, "courts find that the willfulness standard for increasing damages under 15 U.S.C. § 1117(c) includes knowing[], intentional, or reckless acts." *Big Ape Smokerz, LLC*, 2024 U.S. Dist. LEXIS 154754, at *12 (collecting cases); *Smokerz Town, LLC*, 2025 U.S. Dist. LEXIS 102176, at *12 (same).

Also instructive are the cases in the Southern District of Ohio, where, on similar facts, the court concluded that "while [GS] has presented an acceptable case for default judgment of liability, its damages case is not persuasive," and thus denied GS' motions for default judgment "without prejudice to its renewal when supported by more persuasive evidence of what amount of statutory damages would be just." *Mr. Vapor Smoke Shop LLC*, 2024 U.S. Dist. LEXIS 140319, at *6; *see supra* note 1.

The court noted that GS supported its motion for default judgment with a "declaration as to value of damages" from its owner, *see Mr. Vapor Smoke Shop LLC*, No. 23-00677, ECF No. 19-6, which GS has likewise filed in this case (ECF No. 11-3). In that declaration, GS' owner relies on an "unidentified" expert economist, *Mr. Vapor Smoke Shop LLC*, 2024 U.S. Dist. LEXIS 140319, at \*5, and "his own knowledge of the industry," *id.* at \*6, to approximate what GS' overall profits would be "if the market had not been impacted by the flood of inferior, mass-produced fake Stündenglass products," *Mr. Vapor Smoke Shop LLC*, No. 23-00677, ECF No. 19-6, PageID.95; (ECF No. 11-3, PageID.96 (same).) The Southern District of Ohio acknowledged that GS' ability to estimate its actual damages is impeded by defendants' default but emphasized that GS still must satisfy its burden "to show the Court that the amount it seeks is just" in order to obtain statutory damages for a Lanham Act violation. *See Mr. Vapor Smoke Shop LLC*, 2024 U.S. Dist. LEXIS 140319, at \*2–3; *see also Smokerz Town, LLC*, 2025 U.S. Dist. LEXIS 102176, at \*12 ("Several courts have found statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." (citing *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio 2007))). The court concluded GS had not satisfied its burden.

Here, as there, GS makes no attempt to estimate the harm caused by these particular defendants. Its conclusory estimations of the harm it suffers from counterfeit products writ large do not help the Court determine the appropriate statutory damages amount in the case before it. (ECF No. 11-3, PageID.96 (declaring

that GS' total sales in 2022 were $10.8 million but would have been $45.3 million without the sale of counterfeit products)); *Mr. Vapor Smoke Shop LLC*, No. 23-00677, ECF No. 19-6, PageID.94–95 (same). Nor did GS sufficiently elaborate on or clarify that harm during oral argument.

What GS did clarify during the motion hearing, though, was the effect of the statutory damages amount on its practical ability to bring cases like these policing and enforcing its trademark rights. At a certain point, explained GS, a low statutory damages amount makes it economically infeasible to pursue these cases and, even if granted default judgment and statutory damages, to enforce those judgments—in light of the attorney and other fees incurred in investigating alleged infringements, preparing pleadings, pursuing the defendants if they fail to appear, obtaining the defaults and default judgments, and taking post-judgment enforcement action. GS emphasized that a statutory damages award too low to justify the costs of enforcement specifically, not only the costs of litigation generally, essentially means that a defaulted defendant, despite failing to participate in the litigation and being adjudicated liable, "gets off the hook"—such that there is minimal if any deterrent effect on the defendant and others. Meanwhile, GS is the party disincentivized—from policing its marks.

The Court thus concludes, in light of the persuasive authority, GS' complaint, motion for default judgment, attached declarations and exhibits, oral arguments, and other filings of record, that $150,000 in statutory damages is not just under the

14

Lanham Act. Instead, the Court finds that $15,000 per infringing mark, for a total of $45,000 in statutory damages, is appropriate.

As Judge Berg explained: "Liability in this case is predicated on the sale of a single counterfeit product and an uncertain number (but likely small amount) of additional counterfeit sales. [This award] sends a clear message to stores the size of [Mellow Smoke] that continuing infringing activities will be unprofitable without representing an unearned windfall for GS Holistic." *In & Out 423 Inc.*, 2024 U.S. Dist. LEXIS 117878, at *12; *see Sream, Inc.*, 2022 U.S. Dist. LEXIS 60621, at *17 ("This amount will have a deterrent effect without being excessive in light of the limited amount of damages attributable to the relevant sales by each Defendant."). This award of $15,000 per mark, as opposed to $5,000 or $10,000 per mark as granted in other cases in this District and Circuit, is also sufficient to justify the costs of litigation and enforcement, thus serving the important purposes of protecting the trademark holder's property interest in its marks and deterring Lanham Act violations by the defendant and others.

Finally, the Court grants GS' request for costs totaling $1,055, consisting of the filing fee ($402), process server fee ($270), and "investigation fees" ($383). The Lanham Act provides that, in addition to statutory damages under § 1117(c), a successful plaintiff "shall be entitled, . . . subject to the principles of equity, to recover . . . the costs of the action." 15 U.S.C. § 1117(a); *see also* Fed. R. Civ. P. 54(d) (providing in relevant part that "costs—other than attorney's fees—should be allowed to the prevailing party"). The Court finds these costs reasonable.

**III.**

Accordingly, GS Holistic, LLC's motion for entry of default judgment against defendants Mellow Tobacco Vape LLC d/b/a Mellow Smoke and Basman Hakeem (ECF No. 11) is GRANTED IN PART and DENIED IN PART. The Court finds that GS is entitled to recover $46,055 against Defendants—$45,000 in statutory damages plus costs of $1,055—as well as a permanent injunction. A separate judgment will follow.

SO ORDERED.

Dated: July 24, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE